UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
AMY SCOLNICK,                       )
                                    )
    Plaintiff/Counterclaim-Defendant, )   Civil Action No.
                                    )   17-11430-FDS
    v.                             )
                                    )
PRUDENTIAL INSURANCE CO.            )
OF AMERICA,                         )
                                    )
    Defendant/Counterclaim-Plaintiff. )
_____)

## ORDER ON PLAINTIFF'S MOTION TO TAKE ADDITIONAL DISCOVERY

SAYLOR, J.

This is an action for disability benefits under an ERISA insurance plan. Plaintiff Amy Scolnick received long-term-disability benefits under a plan administered by defendant Prudential Insurance Co. of America starting in November 2009, when a serious lung condition prevented her from working. Defendant Prudential Insurance Co. of America stopped her benefits in September 2015 after determining that she was then able to return to work.

Plaintiff appealed the termination of her benefits, and in May 2016, defendant upheld its decision. Plaintiff appealed again, and in May 2017, defendant again upheld its decision. Plaintiff has filed suit in this Court. She now seeks to reopen the administrative record to take the deposition of Carla Garland-Moore, the Prudential employee who wrote both of the letters denying her appeals.

In an ERISA action, a party must present a "very good reason . . . to overcome the strong presumption that the record on review is limited to the record before the administrator." *Liston v. Unum Corp. Officer Severance Plan*, 330 F.3d 19, 23 (1st Cir. 2003); *see Orndorf v. Paul*

*Revere Life Ins. Co.*, 404 F.3d 510, 519 (1st Cir. 2005) (holding that the *Liston* standard for reopening the record applies even in cases where the administrator's decision is subject to *de novo* review). Without cataloguing all the possible reasons that might suffice, the First Circuit has explained that outside evidence "is more obviously relevant when the attack is on the *process* of decision making as being contrary to the statute than on the substance of the administrator's decision." *Orndorf*, 404 F.3d at 520.

Here, plaintiff contends that she is entitled to depose Garland-Moore because defendant was biased against her. Her claim of bias is based on the following facts: (1) that defendant secretly made video recordings of her in public, which she says was undertaken in bad faith; (2) that the reviewing physician misrepresented the record evidence; (3) that defendant "cherry-picked" the evidence it preferred and failed to give weight to the opinion of her treating physicians; and (4) that defendant has an inherent conflict, because it both makes decisions on claims and pays out those claims.

Insurance companies are routinely permitted to record the activities of claimants in public places as one of many sources of information to assist them in making claims determinations. Plaintiff has presented nothing more than conclusory allegations to suggest that the recording here was done in bad faith. Her allegations of errors as to the interpretation of the record are fair game for argument, but she has pointed to nothing in the record that would justify deposing the author of those decisions.

Finally, the fact that defendant both makes decisions on claims and pays them is of course a form of structural conflict, but that is so in the majority of ERISA cases. If structural conflict alone were enough to justify additional discovery, it would occur routinely, and the presumption that the record is limited to that before the administrator would do little to advance

the "interests in finality and exhaustion of administrative procedures required by ERISA." *Orndorf*, 404 F.3d at 519; *see also Denmark v. Liberty Life Assur. Co. of Boston*, 566 F.3d 1, 10 (1st Cir. 2009) (explaining that discovery as to whether a "structural conflict has morphed into an actual conflict . . . must be allowed sparingly" and "normally will be limited to the clarification of ambiguities or to ensuring that the documented procedures have been followed in a particular instance").

For the foregoing reasons, plaintiff's motion to take limited focused discovery and to add the discovery to the administrative record is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor, IV  
United States District Judge

Dated: May 2, 2018